**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DAVON HAYES

    Plaintiff,

    v.

JEROME W. WALSH, et al.,

    Defendants.

CIVIL ACTION NO. 3:11-1739

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SMYSER)

## MEMORANDUM

Presently before the Court is Magistrate Judge Smyser's Report and Recommendation ("R & R") to Defendants' Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 45.) The Magistrate Judge recommends that Defendants' motion to dismiss be granted in part and denied in part. Defendants have filed a single objection to the R & R. Specifically, Defendants argue that Plaintiff should not be permitted to proceed on his procedural due process claim against prison officials who were not involved with Plaintiff's prison disciplinary proceedings other than in the review of his disciplinary appeals. Plaintiff filed a timely opposition to Defendants' objection. Because the review of an inmate's grievance or appeal alone is not sufficient to demonstrate personal involvement required to establish the deprivation of a constitutional right, Plaintiff's procedural due process claim against the officials that participated in the review of his disciplinary appeals will be dismissed.

## I. Background

Plaintiff, a *pro-se* prisoner incarcerated by the Pennsylvania Department of Corrections at SCI-Dallas, commenced this action on September 19, 2011 against twenty-four Defendants alleging various claims related to the conditions of confinement at SCI-Dallas. As set forth in greater detail in Magistrate Judge Smyser's R & R,[1] Plaintiff's

---

[1] As Plaintiff's Amended Complaint consists of 52 pages and 250 paragraphs, the Court will detail only those facts relevant to the resolution of Defendants' objection to the Magistrate Judge's R & R.

Amended Complaint alleges that in December of 2010 a misconduct report was filed against him after he filed a grievance against Defendant Pieczynski. Thereafter, Defendant Hearing Examiner McKeown conducted a hearing over Plaintiff's alleged misconduct. At the hearing, however, Plaintiff was not permitted to call witness in his defense. Defendant McKeown ultimately found Plaintiff guilty of the misconduct; however, he did not provide Plaintiff with an adequate written statement of the evidence relied upon and the reasons for the disciplinary action. Plaintiff appealed, but Defendants Demming, Zakarauskas, Josefowicz, Walsh, and MacIntyre refused to provide Plaintiff with an adequate statement of the evidence relied upon to find him guilty. Furthermore, Defendants Demming, Zakarauskas, Josefowicz, Walsh, and MacIntyre failed to set forth a penological security reason for the refusal to allow Plaintiff to call witnesses in his defense.

In February of 2011, another misconduct report was filed against Plaintiff in retaliation for his filing of a grievance. Defendant McKeown again refused to allow Plaintiff to call witnesses in his defense. Defendant McKeown also failed to provide an adequate statement of the evidence he relied upon to find Plaintiff guilty and the reasons disciplinary action was taken. Plaintiff appealed, but Defendants Deming, Walsh, and MacIntrye failed to provide Plaintiff with a reason why he was not permitted to call witness in his defense and failed to provide Plaintiff with a statement of the evidence relied upon to find him guilty.

Plaintiff alleges that on April 4, 2011, various Defendants unlawfully searched his cell and viciously assaulted him without provocation. After Plaintiff's grievances for the assault and search of his cell were denied, he appealed to Defendants Walsh and Varner. Plaintiff's appeals, however, were unsuccessful.

Plaintiff also alleges that Defendants Santoro and Headman issued a misconduct report charging him with assault. Defendant McKeown conducted a hearing on the alleged misconduct, but he refused to allow Plaintiff to present witnesses in his defense. Ultimately, Defendant McKeown found Plaintiff guilty of the assault. Plaintiff subsequently appealed, but his appeal was denied by Defendants Gordon, Demming, Walsh, and MacIntyre.

On May 14, 2012, Magistrate Judge Smyser recommended dismissal of Plaintiff's

Fourth Amendment claim, Fifth Amendment claim, due process claim regarding the confiscation of his books, due process claim regarding the grievance process, Eighth Amendment claim regarding the issuance of false misconducts, and the state-created danger claim. Magistrate Judge Smyser recommended that Defendants' motion to dismiss be otherwise denied. Defendants filed a timely objection to the R & R. Now, as Defendants' objection has been fully briefed, it is ripe for disposition.

## II. Discussion

**A.   Legal Standard**

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D.Pa.1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M. D. Pa.1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Goney, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376–77 (M.D. Pa.1998).

**B.   Defendants' Objection**

Plaintiff has not filed objections to the Report and Recommendation, and Defendants raise only a single objection to the R & R. As to uncontested portions of the R & R, the Court finds no clear error and will adopt those recommendations in their entirety.

3

Defendants' single objection to the R & R is the recommendation to allow Plaintiff's procedural due process claim to proceed against Defendants who were not involved in Plaintiff's disciplinary proceedings other than in the review of his appeals. Specifically, Defendants claim:

> The Plaintiff alleged that Defendants Gordon, Demming, Zakaruskas, Josefowicz, Walsh, and MacIntyre denied him due process when they reviewed his appeals of McKeown's disciplinary decision. The Report and Recommendation does not specifically address the Defendants' arguments as to Plaintiff's due process claim against the Defendants who participated in the review of McKeown's decisions. . . . The Plaintiff's due process rights do not extend to appeals of McKeown's decisions. Therefore, the Plaintiff cannot maintain a cognizable procedural due process claim against Gordon, Demming, Zakaruskas, Josefowicz, Walsh, and MacIntyre.

(*Defs. Objection*, Doc. 47.) In opposition to Defendants' objection, Plaintiff argues that Defendants can be liable for his alleged due process deprivation for their actions and deliberate indifference towards his constitutional rights.

The Fourteenth Amendment prohibits a state from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. In the prison disciplinary context, due process prohibits the deprivation of a prisoner's liberty interests at a disciplinary hearing "unless the prisoner is given the following three rights: '(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.'" *Griffin v. Spratt*, 969 F.2d 16, 19 (3d Cir. 1992) (quoting *Superintendent v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 2773, 86 L. Ed. 2d 356 (1985)).

Plaintiff seeks to hold Defendants Gordon, Demming, Zakaruskas, Josefowicz, Walsh, and MacIntyre liable for the alleged denial of his due process rights pursuant to 42 U.S.C. § 1983. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects, or causes to be subjected, any citizen ... or any other person ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." Section 1983 "is not itself

4

a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 749 n. 9, 119 S. Ct. 1624, 143 L. Ed. 2d 882 (1999) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979)).  To prevail in an action under § 1983, a plaintiff must demonstrate: (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed by a person acting under color of state law. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).

To establish liability for deprivation of a constitutional right under § 1983, a party must show personal involvement by each defendant. *Iqbal*, 556 U.S. 662, 129 S. Ct. at 1948, 173 L. Ed. 2d 868; *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). "It is uncontested that a government official is liable only for his or her own conduct and accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct ." *Argueta v. U.S. I.C.E.*, 643 F.3d 60, 71–72 (3d Cir. 2011). Personal involvement in the alleged wrongs may be shown through allegations of actual involvement in, personal direction of, or knowledge of and acquiescence to the asserted civil rights violations. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). "In order to satisfy the 'personal involvement' requirement, a complaint need only allege the conduct, time, place and person responsible." *Solan v. Ranck*, 326 F. App'x 97, 101 (3d Cir. 2009) (per curiam) (quoting *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005)).  Nevertheless, individual liability can only be imposed if the state actor played an "affirmative part" in the complained-of misconduct. *See Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *See id*.  Instead, "allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Medina v. Raiger*, No. 11-0496, 2012 WL 760514, at *3 (M.D. Pa. Mar. 8, 2012) (quoting *Rode*, 845 F.2d at 1207).

According to Defendants, Plaintiff's procedural due process claim "stems from the appellate review of McKeown's decisions, and Plaintiff has no constitutional right to such review." *(Defs.' Br. Supp.)*  Thus, Defendants argue that because "[a]dministrative review of prison disciplinary hearings is not constitutionally guaranteed," *Garfield v. Davis*, 566 F. Supp. 1069, 1074 (E.D. Pa. 1983), Plaintiff's procedural due process claim must be dismissed.  Plaintiff's claim, however, is not that he was denied a right to appellate review of his grievance.  Instead, Plaintiff alleges that Defendants Gordon, Demming, Zakaruskas, Josefowicz, Walsh, and MacIntyre participated in the alleged denial of his procedural due process rights by affirming and/or ratifying McKeown's grievance decisions.  Thus, the issue is whether Plaintiff has adequately alleged personal involvement on behalf of these Defendants in the denial of his constitutional rights.

In the Third Circuit, it is well-established that "a prison official's secondary review of an inmate's grievance or appeal is not sufficient to demonstrate the personal involvement required to establish the deprivation of a constitutional right." *Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011) (citing *Rode*, 845 F.2d at 1207-08); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006); *Manns v. Bledsoe*, No. 10-1564, 2011 WL 4048781, at *4 (M.D. Pa. Sept. 12, 2011); *Mincy v. Deparlos*, No. 08-0507, 2011 WL 1120295, at *7 (M.D. Pa. Mar. 24, 2011); *Wilkerson v. Schafer*, No. 09-2539, 2011 WL 900994, at *1-*2 (M.D. Pa. Mar. 14, 2011) (allegations that supervisors "should be held liable for due process violations because they should have become aware of them through their review of his misconduct appeals is insufficient to establish their personal involvement in the underlying alleged unconstitutional conduct"); *Haynes v. Moore*, No. 09-4958, 2010 WL 2595958, at *3 (E.D. Pa. June 23, 2010); *Logan v. Lockett*, No. 07-1759, 2009 WL 799749, at *8 (W.D. Pa. Mar. 25, 2009); *but see Molano v. Bezio*, - - - F. Supp. 2d - - -, No. 10-6481, 2012 WL 1252630, at *5 (W.D.N.Y. Apr. 13, 2012) ("'while personal knowledge cannot be founded solely on supervision, liability can be found if the official proactively participated in reviewing the administrative appeals as opposed merely to rubber-stamping the results'" (quoting *Collins v. Ferguson*, 804 F. Supp. 2d 134, 140 (W.D.N.Y. 2011))).  Stated differently, the "mere

concurrence in a prison administrative appeal process does not implicate constitutional concerns." *See, e.g., Cole v. Sobina*, No. 04-99, 2007 WL 4460617 (W.D. Pa. Dec. 19, 2007); *Fortune v. Hamberger*, No. 04-377, 2007 WL 2782320 (W.D. Pa. Sept. 21, 2007); *Croom v. Wagner*, No. 06-1431, 2006 WL 2619794, at *4 (E.D. Pa. Sept. 6, 2006); *Garfield v. Davis*, 566 F. Supp. at 1074. Thus, supervisory review and/or ratification of disciplinary misconduct determinations generally do not establish the supervisor's personal involvement in the deprivation of an inmate's constitutional rights. *See, e.g., Sobina*, 2007 WL 4460617, at *5; *Croom*, 2006 WL 2619794, at *4.

Based on the foregoing, Plaintiff's allegations that Defendants Gordon, Demming, Zakaruskas, Josefowicz, Walsh, and MacIntyre should be held liable for due process violations based on their review of his grievance appeals is insufficient to establish personal involvement in the underlying alleged unconstitutional conduct. Therefore, the procedural due process claim related to these Defendants' role in their review of Plaintiff's disciplinary proceedings will be dismissed. And, because the Court's review of the Amended Complaint does not reveal any additional causes of action against Defendant MacIntyre, he will be dismissed from the action entirely.

### III. Conclusion

For the above stated reasons, the Court will reject in part and adopt in part the Magistrate Judge's Report and Recommendation. The uncontested portions of the R & R will be adopted in their entirety. The Court will grant Defendants' objection to the Report and Recommendation and Plaintiff's procedural due process claim against Defendants Gordon, Demming, Zakaruskas, Josefowicz, Walsh, and MacIntyre will be dismissed. Lastly, Defendant MacIntyre will be dismissed from the action entirely.

An appropriate order follows.

June 27, 2012 /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge